Opinion filed February 24, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00195-CV

_____

## IN THE INTEREST OF J.L.R. AND T.P.R., CHILDREN

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-20-010-PC**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court, after a de novo hearing, terminated the parental rights of the mother to J.L.R. and T.P.R. The mother filed this appeal. On appeal, she presents three issues in which she challenges the legal and factual sufficiency of the evidence to support the trial court's findings. We affirm the trial court's order of termination.

### I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2021). To terminate

one's parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), and (M). Specifically, the trial court found (1) that Appellant had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being, (2) that Appellant had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, and (3) that Appellant had previously had her parental rights terminated with respect to another child based upon a finding under subsection (D) or (E). The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). In this regard, we note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).

But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## II. *Evidence Presented at Trial*

The record shows that the Department of Family and Protective Services had a long history of involvement with Appellant. In 2011, her parental rights to five of her children, born between 2001 and 2009, were terminated based upon a suit brought by the Department. Included in the trial court's termination findings in 2011 were two findings that Appellant had endangered the physical or emotional well-being of those five children.

The case before us began in 2019 and concerns two children born after the 2011 order of termination: J.L.R. and T.P.R. The intake involved J.L.R., who was approximately five years old at that time. The allegation was that J.L.R.'s older sibling (whom we will refer to as Tammy) was exposing J.L.R. to marihuana. We note that Tammy was one of the five children to whom Appellant's parental rights had been terminated in 2011.

Both Tammy and J.L.R. lived with their maternal grandmother when this case began. J.L.R. had lived with her grandmother for most of her life. The Department's investigator observed Appellant and an infant (T.P.R.) at the maternal grandmother's house on more than one occasion. The investigator requested that all household members submit to a drug test. Everyone there, except for Tammy, eventually submitted to a drug test. The maternal grandmother tested negative, but both J.L.R. and T.P.R. tested positive for cocaine. Appellant tested positive for cocaine and methamphetamine at a high level.

Appellant was the primary caretaker of T.P.R. and was determined to be the source of J.L.R.'s and T.P.R.'s exposure to cocaine, although Appellant denied ever using cocaine or methamphetamine. A supervisor for the Department and a conservatorship caseworker both testified that Appellant was known for having a history of drug use, and Appellant admitted at trial that she had been arrested for possession of crack cocaine. Furthermore, the maternal grandmother acknowledged that Appellant's drug use was the reason for the 2011 termination order.

After the Department removed J.L.R. and T.P.R. from Appellant's care, the Department sought, and the trial court entered, an order for aggravated circumstances against Appellant. Accordingly, the Department was not required to offer services to Appellant or to make an effort to return J.L.R. and T.P.R. to Appellant. *See* FAM. § 262.2015(a).

While this case was pending below, Appellant failed to address the reasons for removal and failed to demonstrate that she could provide a safe and stable home for her children. She moved from place to place and hotel to hotel. Furthermore, Appellant and fifteen-year-old Tammy engaged in domestic violence. Officer William Dennis Gryder of the Odessa Police Department testified that he was dispatched to a disturbance at the maternal grandmother's house. Appellant and

4

Tammy had a physical altercation in which they hit and bit each other. Appellant at one point reinitiated the argument, picking up a hammer when she did so. Both Appellant and Tammy were arrested that day for assault family violence.

The Department's conservatorship caseworker, along with the attorney that was appointed J.L.R.'s and T.P.R.'s attorney and guardian ad litem, believed that it would be in the children's best interest for Appellant's parental rights to be terminated. By the time of the de novo hearing, J.L.R. and T.P.R. had been placed together in an "adoptive forever home." They had been in that foster home for over nine months and had bonded with their foster parents. The foster parents provided a safe and stable living environment for J.L.R. and T.P.R., and both children were thriving in the care of their foster parents.

## III. *Analysis*

### A. *Endangering Conduct*

In her first and second issues, Appellant challenges the legal and factual sufficiency of the evidence to prove grounds (D) and (E). In this case, we need only address her challenge to the trial court's finding under Section 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex.

App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.* As such, a parent's drug addiction and its effect on the parent's life and ability to parent a child may establish an endangering course of conduct. *In re J.T.G.*, 121 S.W.3d 117, 125–26 (Tex. App.—Fort Worth 2003, no pet.) (citing *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ)).

Here, based upon evidence of (1) Appellant's use of cocaine and methamphetamine while the children were in her care, (2) both children having tested positive for cocaine, and (3) Appellant's long history of drug use—despite previously having her rights to five children terminated, the trial court could have reasonably found by clear and convincing evidence that Appellant had engaged in a course of conduct that endangered J.LR. and T.P.R. Any recent strides made by Appellant to overcome her past conduct do not negate her past conduct. *See In re J.F.-G.*, 627 S.W.3d 304, 317 (Tex. 2021). Therefore, we hold that the evidence is legally and factually sufficient to uphold the trial court's finding of termination under subsection (E). Accordingly, we overrule Appellant's second issue. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not address Appellant's first issue. *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35; *see also* TEX. R. APP. P. 47.1.

*B. Best Interest*

In her third issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of her parental rights would be in the best interest of J.L.R. and T.P.R.

With respect to the children's best interest, the evidence, as set forth above, shows that Appellant endangered these children, exposed them to illegal drugs, and engaged in domestic violence with one of her older children while this case was pending. Additionally, Appellant failed to obtain and maintain a stable environment.

At the time of the de novo hearing on termination, both children lived in the same foster home and were doing very well there. The children were happy and thriving. The foster parents, with whom the children had bonded, wished to adopt both children. Appellant had not demonstrated an ability or a willingness to put her children's needs ahead of her own, nor had Appellant shown that she could provide a safe, stable home for the children. Further, the conservatorship caseworker and the children's attorney and guardian ad litem believed that it would be in the children's best interest to terminate Appellant's parental rights.

In light of the evidence presented at trial and applying the *Holley* factors, we hold that the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of J.L.R. and T.P.R. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children, the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of those involved, the plans for the children by the Department, Appellant's history of drug abuse and domestic violence, and the instability of Appellant's situation, we further hold that the evidence is legally and factually sufficient to support the trial court's finding that termination of Appellant's

parental rights is in the best interest of J.L.R. and T.P.R. *See id.* We defer to the trial court's finding as to the children's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's third issue.

IV. *This Court's Ruling*

We affirm the order of the trial court.

W. STACY TROTTER

JUSTICE

February 24, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.